**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4742**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KAMAL QAZAH, a/k/a Kamal Zaki Qazah,

Defendant - Appellant.

**No. 17-4772**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SALAH MOHAMED, a/k/a Salah Mansour Nagi Mohamed, a/k/a Saleh Mohaned,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of Virginia, at Big Stone Gap. James P. Jones, District Judge. (2:17-cr-00014-JPJ-PMS-1; 2:17-cr-00014-JPJ-PMS-2)

Submitted: June 28, 2018                          Decided: July 18, 2018

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Larry W. Shelton, Federal Public Defender, Roanoke, Virginia, Nancy C. Dickenson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia; Dennis E. Jones, Abingdon, Virginia, for Appellants. Rick A. Mountcastle, United States Attorney, Zachary T. Lee, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kamal Qazah and Salah Mohamed were implicated in the same criminal scheme, and their cases were consolidated in district court. Qazah and Mohamed each pled guilty, without a written plea agreement, to conspiracy to escape from a federal correctional institution, in violation of 18 U.S.C. § 371 (2012), and escape from federal custody, in violation of 18 U.S.C. § 751(a) (2012). For each Appellant, the district court calculated an advisory Sentencing Guidelines range of 12 to 18 months' imprisonment, but imposed an upward variance sentence of 60 months' imprisonment. The Appellants argue that their sentences are procedurally and substantively unreasonable. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012). We "first ensure that the district court committed no significant procedural error," such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or inadequately explaining the sentence imposed. *Gall*, 552 U.S. at 51. To adequately explain the sentence imposed, the district court "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted).

If a sentence is free of "significant procedural error," then this Court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*,

3

552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In reviewing a sentence outside the Guidelines range, this Court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

We conclude that the Appellants' sentences are procedurally and substantively reasonable. The district court explicitly discussed several of the § 3553(a) factors and applied them to the facts of the cases, did not analyze any impermissible factors, and responded to the Appellants' mitigating arguments. The court also sufficiently explained the factors it considered in imposing the upward variance sentences, including the serious and complex nature of the Appellants' escapes and prior crimes; the need to deter the Appellants and protect the public due to a high likelihood of recidivism; and the need to deter other inmates.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*